

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-010-CR

MICHAEL JACKSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Michael Jackson entered an open plea of guilty to robbery. The trial court found him guilty and assessed twelve years' confinement as punishment.[2]

---

[1] *See* Tex. R. App. P. 47.4.

[2] The punishment range for robbery is two to twenty years' confinement and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.33, 29.02 (Vernon 2003).

Jackson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Jackson was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Jackson entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Jackson's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615, 620, 622 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, including the exhibits presented at punishment, the sealed presentence investigation report, and counsel's brief, and we note a single clerical error: Jackson was indicted for robbery by threat, and his written plea admonishments reflect that he was charged with robbery

2

by threat, but the judgment states that he was convicted of robbery causing bodily injury. However, we otherwise agree with counsel that the appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Because an appellate court has the power to correct a trial court's written judgment if it has the information necessary to do so, we modify the trial court's judgment to reflect Jackson's actual conviction for robbery by threat. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed). We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009